PETITION BOB A RE-HEARING,
J. TRIMBLE, ESq.
The counsel for the appellees,, respectfully pray for a re-bearing of tho appeal in this case, for the following reasons: — Downey is only a stakeholder, and although it is admitted, that he he is liable tb account for all the estate of the intestate‘that came to his hands while lie was in office, yet it is important to him and his securities, that payment should be rightfully made, otherwise he may be compelled to pay over again.
It is accorded by the court in tiie opinion rendered, that the heirs cannot recover of Downey, the goods remaining in his hands, in specie; the. *357 principle is veqognized, that if an administrator. ke bonis non, could compel Downey to account for the value of the goods sold by him, the heirs cannot.
Have not the creditors of the intestate a right to resort to this fund for the payment of their debts? and if the administrator lend money on interest, or puts it to his own usé, or keeps the slaves in his o vvn service, or hires them out, does not the interest in the one case, and the -hire in the other, go with the principal as an appendage thereto? And yet, by the opinion rendered, it is respectfully suggested, that the creditors will be deprived of the benefit of this fund.
Feme sole administratrix marries, her husband Iras the right to sell the goods. — See Toller’s law of Executors, page 241, 242.
If he sells the goods, and then the wife dies, or her letters of administration are repealed, or being administrator pendente lite, or during the minority of an infant executor her office expires, the creditors cannot afterwards sue the husband, and if tliey have actions pending, their suits will abate, because he only holds the office jointly with the wife, in right of the wife, and it doe's not survive to him. * — See Toller’s Law of Executors, page 242, 843.
In either of these cases, if the opinion delivered In this case is correct, the fund arising from the sale of the goods, will be withdrawn from the creditors, and they will be without remedy. The husband got the money lawfully, bis right to it expires with his wife, and‘the question is, ought he to' pay it over to a successor for sake of the 'creditors,' or ought he to make distribution of it among the heirs? He cannot lawfully make distribution, because he does not hold the office of administrator. He ought to pay it to his wife’s successor, because there is no other way by which the creditors can l’each it; and it is to preserve the rights of creditors, that the factitious title of an administrator is created by law. Let it not be said, that the creditors can pursue this fund into the hands of the distributees. This would prove, that administration, in all cases, is useless.
But the bill alleges that there ai'c no creditors. *358 This allegation against Downey, is entirely in*» matcr*a^ he can neither admit nor deny it, because, since he has lost the office of administrator, he docs not represent the testator, nor is he, responsible to the creditors, if he should falsely admit that there are no creditors; and therefore, any litigation between him and the heirs, concerning this fact, would be nugatory. But an administrator, when sued by the distributees, is bound to keep enough in his hands to pay the creditors, otherwise ho is guilty of a devastavit. x
An administrator, after the. repeal of his letters, is bound to pay over all the assets unadministere.d to the successor, who is always appointed de bonis non. Toller’s Law of Executors, page 243.
And it seems- equally clear, that he would be bound to account for the price of such goods as he had sold. Same book, 245.
In the opinion delivered, the court seems to decide the cause upon the fact, that an administrator de bonis non, could not have any title to the goods sold. It is true, the title of the goods sold is vested in the purchaser, and cannot he divested. But can the distributees claim a reversionary right to the price, upon the death of the administratrix, to the exclusion of the creditors?
An administrator de bonis non, after the repeal of letters of administration, has title to the goods remaining in specie, in the hands of the former administrator, but he has no title to the goods sold by his predecessor; and yet it is earnestly, though respectfully suggested, that he has a right to call on his predecessor to account‘for tiie price, otherwise the right of the creditors would, in this state of things, be lost.
An administrator de bonis non, from the nature of his office, is required to administer all the estate which has not been administered by his predecessor. Now, a mere sale of the goods, and converting them into money, is not a complete administration of them. It is one step towards it, hut the administration of those goods-is not complete, until the inoney is paid to the creditors, and the surplus distributed among the next of kin.
October 21-
Triplett for plaintiffs; Trimble for defendants.
On the other band it is believed, that no instance lias ever occurred, in which the next of kin have been allowed to recover the proceeds of the persona! goods, in any other way, than by a distribution, made by an administrator who would be responsible to the creditors for his fidelity; hut. Downey is not responsible to ihe creditors for any thing be may do since he went out of office, for he has lost his fiduciary character.
A re-hearing is respectfully prayed for by the defendants.
JA. TRIMBLE.
On the next day, the court overruled the petition.